4
TRUDI G. MANFREDO, Bar No. 166474
THE LAW OFFICE OF TRUDI G. MANFREDO
545 East Alluvial, Suite 112
Fresno, California 93720
Telephone: (559) 449-9069
Facsimile: (559) 449-9016
trmanfredo@yahoo.com

Attorney for RANDELL PARKER
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| In the Matter of | Case No. 10-16367-A-7 |
| | Chapter 7 |
| SUPERKART RACING, LLC, a California limited liability company, | TGM-1 |
| Debtor. | Date: September 21, 2010 |
| | Time: 1:30 p.m. |
| | Dept. A, 1300 18TH St., Bakersfield |
| | The Honorable Whitney Rimel |

**TRUSTEE'S MOTION FOR ORDER AUTHORIZING TRUSTEE TO SELL PERSONAL PROPERTY AT PUBLIC AUCTION**

RANDELL PARKER, CHAPTER 7 TRUSTEE, in support of his Motion for Order Authorizing Trustee to Sell Personal Property at Public Auction represents as follows:

1. Randell Parker ("Trustee"), is the duly qualified, appointed, and acting trustee in the Chapter 7 case filed by SUPERKART RACING, LLC, a California limited liability company ("Debtor"). Debtor filed for relief under Chapter 7 of the Bankruptcy Code on June 7, 2010.

2. Debtor is a limited liability company that was engaged in

1

the business of go kart racing.

3. The Trustee has inspected the business and conducted a visual inventory of the Personal Property. A categorization of the Personal Property to be sold at auction is attached as **Exhibit A** to the Declaration of Randell Parker in Support of Trustee's Motion to Sell Personal Property at Public Auction filed concurrently herewith ("Personal Property").

4. The Trustee seeks authorization from the Bankruptcy Court to sell the Personal Property at public auction on or about October 23, 2010 at 10:00 a.m. This is a core matter under 28 U.S.C. § 157(b)(2)(A) and (N). The Trustee believes that selling the Personal Property at public auction will yield the best price obtainable for the Personal Property under the circumstances of the Chapter 7 case filed by Debtor.

5. The personal property is currently located at the auction site, 1731 Art Street, Bakersfield, California.

6. Trustee is informed and believes that there are no liens on the Personal Property. However, if it is later determined that there are liens, those items subject to liens will be sold at auction only if the auctioneer is able to obtain a bid sufficient to satisfy the lien against the item and cover the cost of sale, or by agreement with the lien holders.

7. Some of the liened items may be sold for less than the lien amount if the lien holder consents to the items being sold at auction, with the lien holder accepting as payment in full the net proceeds of the sale, minus a commission to the auctioneer, and compensation to the estate. The Trustee believes such an arrangement would be beneficial to the estate because an auction

1 including the Personal Property subject to liens will draw more and
2 higher quality bidders than an auction without that equipment.
3     8. The Trustee believes that the sale of the Personal
4 Property at public auction is in the best interests of the estate
5 and its creditors because a sale by public auction would be the most
6 efficient and economical way to sell the Personal Property, and it
7 would be difficult, costly and time consuming administratively to
8 attempt to sell the Personal Property on a piece by piece basis.
9 Selling at public auction allows the Trustee to generate one lump
10 sum in a short period of time. Trustee anticipates that the auction
11 sale will yield in excess of $7,000.00 to the estate.
12     9. In order to expedite the sale of the personal Property,
13 the Trustee entered into an agreement with Jerry Gould of Gould
14 Auction and Appraisal Company, to advertise and manage the auction
15 ("Auctioneer"). According to the agreement between the Trustee and
16 Auctioneer, the fees for professional services rendered by
17 Auctioneer will not exceed 15% (fifteen percent) of the gross
18 proceeds of the auction, but the Auctioneer may be reimbursed for up
19 to $500.00 in extraordinary expenses as well as a $100.00 pick up
20 fee for each vehicle. He has already replaced the tires on the
21 trailer to increase the sales price.
22     10. The details of the compensation to the Auctioneer will be
23 subject to the terms and conditions set forth in the Application for
24 Order Authorizing Employment of Auctioneer to Conduct Public Auction
25 which will be filed shortly.
26     WHEREFORE, Trustee prays as follows:
27     1. That Trustee's Motion for authority to Sell Personal
28 Property at Public be granted;

2. That the Trustee be authorized to sell at public auction the Personal Property described on **Exhibit A** attached to the Declaration of Randell Parker in support of this Motion filed concurrently herewith on or about October 23, 2010, with the auction to be held at 1731 Art Street, Bakersfield, California at 10:00 a.m.;

      3. That the Trustee be authorized to pay Gould Auction from the proceeds received from the auction sale his commission of 15% and up to $500.00 in expenses and $100.00 for each vehicle pick up without further court order;

      4. That subject to the consent of the lien holders, if any, and on terms that may be agreed, he be authorized to pay lien holders from the net proceeds of the sale of the Personal Property subject to a lien if the net proceeds fall short of paying the lien in full; to the extent that the price obtained at auction nets funds in excess of the lien and costs of sale, that the excess balance will be retained by the Trustee; and

      5. For such other and further relief as the Court deems to be just and proper.

Dated: August 30, 2010

/s/ TRUDI G. MANFREDO
TRUDI G. MANFREDO
Attorney for Trustee

4